**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BENNIE D. GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-cv-1976 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ALLEGHENY COUNTY DISTRICT | ) | |
| ATTORNEY, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 5) filed by

Bennie D. Graves ("Petitioner") under 28 U.S.C. § 2254. For the reasons below, the Court will

dismiss the petition and will deny a certificate of appealability.

**I.     Relevant Background**

Petitioner was convicted at a jury trial of first degree murder and third degree murder in

the Court of Common Pleas of Allegheny County at criminal docket numbers CP-02-CR-0001310-

1979 and CP-02-CR-0001311-1979. On December 23, 1980, he was sentenced to, *inter alia*, life

imprisonment.

Pursuant to 28 U.S.C. § 2254, Petitioner filed a petition for writ of habeas corpus in this

Court in 2010, challenging the judgment of sentence. *Graves v. Beard*, Civ. A. No. 10-894, ECF

No. 3. That petition was dismissed as untimely on December 16, 2014. *Id.* ECF No. 33. A

certificate of appealability was denied. *Id.* The United States Court of Appeals for the Third Circuit

denied Petitioner's request for a certificate of appealability on July 2, 2015. *Id.* ECF No. 39.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to
have a United States Magistrate Judge conduct proceedings in this case, including entry of a final
judgment.

Petitioner initiated the instant litigation on December 15, 2025, when he placed his petition in the prison mailing system. (ECF No. 1-1 at 15.) In his petition, he again challenges the December 23, 1980, judgment of sentence. In their Motion to Dismiss, Respondents assert that the Court must dismiss the petition as an unauthorized second or successive petition. (ECF No. 9.) Petitioner has responded to the Motion to Dismiss. (ECF Nos. 13-14.) Thus, this matter is ripe for review.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a "second or successive habeas corpus application," he or she must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).[2] *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005).

---

[2] A court of appeals may grant a state prisoner's application only if he or she make a prima facie showing that: (1) the claim presented in the application was not presented in his or her prior habeas case, 28 U.S.C. § 2244(b)(1); and (2) the claim he or she seeks permission to litigate "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" *id.* § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" *id.* §2244(b)(2)(B).

Petitioner does not dispute that the instant petition is an unauthorized second or successive petition. He argues that the Court should nonetheless entertain it because it involves claims of actual innocence and miscarriage of justice. However, Petitioner must present this argument to the Court of Appeals in order to obtain permission to file a second or successive petition on this basis. He cannot do so here. *Boczkowski v. Gilmore*, 2020 WL 1911407, at \*1 (W.D. Pa. April 20, 2020) (explaining that the alleged existence of actual innocence must be presented in the first instance to the Court of Appeals in order to obtain permission to file a second or successive petition in this Court).

Because the instant petition is an unauthorized second or successive petition, this Court lacks jurisdiction to consider it. The petition will be dismissed for this reason.

III.     **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable that this Court lacks jurisdiction to consider the instant petition. Thus, a certificate of appealability will be denied.

**IV.    Conclusion**

For these reasons, the Court will grant Respondents' Motion to Dismiss, dismiss the petition for lack of jurisdiction, and deny a certificate of appealability.

An appropriate Order follows.


Date: May 28, 2026                                    /s/ Patricia L. Dodge
                                                      PATRICIA L. DODGE
                                                      UNITED STATES MAGISTRATE JUDGE